GEORGE W. BROWN *versus* GEORGE N. BLACK.

The free enjoyment of a stream of water, navigable in its natural state for logs and lumber, is a public right; and the continuance of an obstruction for a great length of time will not of itself operate to bar the right to such navigation.

The occupation of a navigable river with logs can give no rights against the riparian proprietors when such occupation was of no injury to them.

Action on the case which comes before the full court on exceptions to the ruling of HATHAWAY, J., at *Nisi Prius.*

One count was for obstructing Union river with logs, to the detriment of the plaintiff in navigating *his* logs.

Another count was for maintaining a dam upon said river, obstructing a passage for the plaintiff's lumber from his mills above.

The *locus* was above the flow and fall of the tide. There was testimony tending to show that the defendant and those under whom he claims, had maintained a dam there longer than the memory of man. One witness testified that he worked upon the same sixty-eight years ago, and it was an old dam then.

The court ruled that if the stream was navigable for logs and other lumber in its natural state, no length of time in which the dam had been maintained would of itself operate to bar plaintiff's right to navigate it with his logs and lumber, the right of navigating being a public right, of which the plaintiff or any other part of the public could not be deprived.

Defendant's dam is the lowest dam on Union river, at the head of the tide. Plaintiff's dam is next above, about one-third of a mile distant, and was erected in 1845. Defendant offered evidence tending to show, that for more than twenty years prior to the erection of plaintiff's dam and mill, the stock of logs for his mills, when they came down in the spring freshet, filled up the river above the line of his land, and over and above the site of plaintiff's dam, and that the

river at the site of plaintiff's dam thus continued full until the logs settled down in consequence of room being made for them in the pond below, by manufacturing them; that the manufacturing season continued for about six months after the logs came down, and that about half the logs were manufactured before the summer drouth.

The court ruled that such occupation of the river gave no rights against the riparian proprietors, unless such occupation during its continuance was of some injury or damage to them.

The verdict on both counts was for the plaintiff.

*Robinson & Peters,* counsel for the defendant, argued in support of the exceptions.

*Rowe & Bartlett,* counsel for the plaintiff, argued that no length of time can ripen a nuisance into a legal erection, and cited Comyn's D., title Prescription (F 2), 10 Mass., 75, 76; Inhabitants of Arundel v. McCulloch, 9 Wend., 315, 316; Mills v. Hall and al., Thomas v. Marsfield, 13 Pick., 249.

In support of the second point, they cited Donnell v. Clark, 19 Maine R., 174, 180; Tinkham v. Arnold, 3 Maine R., 120; Thomas v. Marshfield, 13 Pick., 240, 248.

GOODENOW, J. No motion having been brought up or argued by counsel, and the rulings of the presiding judge being in accordance with the law of the case, the motion and exceptions are overruled.

*Judgment on the verdict.*